■ SIMPSON GRAY, Appellant, v RUDOLPH CREW et al., Respondents. [699 NYS2d 408] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 23, 1998, which denied plaintiff's motion to preliminarily enjoin his reassignment to administrative duties pending determination of disciplinary proceedings brought against him by respondents, unanimously affirmed, without costs.

Contrary to plaintiff's claims of procedural violations, the Community Superintendent properly notified plaintiff, in

advance of the filing of charges and specifications, of the nature of the complaints against him (*see,* Education Law § 2590-j [7] [c]), and properly exercised its discretionary authority in directing a transfer of plaintiff to the District Office, pending determination of disciplinary proceedings then in progress (*see,* Education Law § 2590-j [8] [a]). There is no basis for plaintiff's claim of per se irreparable harm due to an alleged violation of due process rights arising from the disputed transfer, since the discretionary transfer to which plaintiff was subject does not implicate due process concerns (*see, Bernheim v Litt,* 79 F3d 318, 322-323). Nor has plaintiff shown irreparable financial or professional harm attributable to the Superintendent's action, since the transfer did not entail any reduction in plaintiff's pay, and plaintiff's lawsuit provides the basis for recovery of damages, if any. The motion court, then, properly denied plaintiff's application for a preliminary injunction, since plaintiff made no showing of his probability of success on the merits, danger that he would suffer irreparable injury in the absence of the requested relief, or that the equities balanced in his favor (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862). Concur—Sullivan, J. P., Nardelli, Wallach, Saxe and Friedman, JJ.